**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gregory Wimberly, | Civil No. 08-4841 (DWF/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Fenies, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the undersigned United States Magistrate Judge on Gregory Wimberly's petition for habeas corpus relief under 28 U.S.C. § 2254. This matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied.

## I. BACKGROUND

Petitioner Gregory Wimberly ("Wimberly") is currently incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota. He pled guilty to first-degree burglary and check forgery on September 18, 2006 before the Honorable Kris Davick-Halfen in Stearns County District Court. The plea agreement provided that the State would recommend a sentence of fifty-seven months as long as Wimberly cooperated in the presentence investigation. If he did not cooperate, the State could argue for a seventy-one month sentence, the maximum sentence under the guidelines.[1] The court specifically instructed Wimberly at the plea hearing to

---

[1]    The actual plea agreement is not in the record before the Court, but the relevant terms

cooperate in the presentence investigation and advised him that if he did not, the prosecutor could argue for the maximum sentence of seventy-one months.

Wimberly reported to Stearns County Community Corrections on the day of his plea hearing. He said he had moved recently and did not know his new address, but would provide his contact information immediately. Wimberly said he did not have time to schedule a presentence investigation interview that day, and he left. A few days later, Wimberly called the agency and spoke with corrections agent Elizabeth Reum. He told Reum to send correspondence to his attention at General Delivery in St. Cloud, Minnesota, 56302. Two presentence interview appointment notices were subsequently mailed to Wimberly at that address but were never claimed. Wimberly did not appear at either appointment, nor did he contact Reum to reschedule.

Pursuant to Reum's request, an arrest warrant was issued on October 12, 2006. Wimberly was apprehended, and he appeared on the warrant on November 3, 2006. He was released on his own recognizance, however, before Reum was notified of his arrest.

Reum completed the presentence investigation report on November 7, 2006. In addition to recounting the official version of the crime, the plea negotiations, and Wimberly's criminal history, the report detailed Wimberly's failure to cooperate in the presentence investigation.

Wimberly arrived unannounced at Stearns County Community Corrections on November

---

were placed on the record at the plea hearing. Wimberly's counsel summarized the sentencing options as follows:

> Plea agreement calls for a 57-month cap and latitude for defense to argue for a departure in this matter. Also, the State will not be asking for an interim commit [sic] on the condition that Mr. Wimberly cooperate with the PSI and show up for sentencing[.] [I]f he doesn't show up for sentencing or cooperate with the PSI, he would be looking at 71 months, which is the top of the box.

(Resp't's App. Ex. H at 2; Doc. No. 9.)

14, 2006.  Reum thought he appeared to be significantly under the influence of a mood-altering substance.   Wimberly asked Reum to complete his presentence investigation before his sentencing date of November 20, 2006, but Reum said that was impossible and told him to leave. Wimberly refused and was escorted from the building.

The sentencing hearing occurred as scheduled on November 20, 2006.   The State requested a sentence of seventy-one months based on Wimberly's failure to cooperate in the presentence investigation.  Wimberly denied the allegation and said he had appeared for an interview but was turned away.  He did not request an evidentiary hearing concerning the matter, nor did he ask to withdraw his guilty plea.  The court found that Wimberly had not cooperated in the presentence investigation and sentenced him to seventy-one months.

Wimberly appealed to the Minnesota Court of Appeals, which affirmed the sentence, and the Minnesota Supreme Court denied his subsequent petition for review.  Wimberly then filed a § 2254 petition for habeas corpus relief in federal court.  His sole ground for federal habeas relief is that the State breached its agreement to recommend a fifty-seven month sentence, in violation of *Santobello v. New York*, 404 U.S. 257 (1971).[2]

## II.   DISCUSSION

### A.      Standard of Review

A federal court's review of the state court decisions underlying a state prisoner's petition for writ of habeas corpus is "limited and deferential."  *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (citation omitted).  There are three circumstances in which a federal court may grant a

---

[2]      Wimberly has also alleged several violations of state laws and procedural rules, but these are not cognizable grounds for § 2254 relief.  *See* 28 U.S.C. § 2254(a) (permitting a federal court to entertain only habeas applications asserting a violation of the United States Constitution or federal law).

state prisoner's habeas petition: (1) if the state court adjudication was contrary to clearly established federal law, (2) if the state court adjudication involved an unreasonable application of clearly established federal law, or (3) if the state court adjudication was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

Under the first circumstance, a state court decision is contrary to clearly established federal law if it contains a legal conclusion opposite to that reached by the United States Supreme Court or if it construes facts "materially indistinguishable" from those found in Supreme Court precedent to arrive at an opposite result from that precedent. *Davis v. Norris*, 423 F.3d 868, 874 (8th Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The second circumstance is triggered when the state court correctly identifies the governing Supreme Court precedent, but unreasonably applies it. *Id.* To warrant habeas relief, the state court's misapplication of the federal law must have been "objectively unreasonable." *Collier*, 485 F.3d at 421 (citations omitted). The final circumstance is controlled by § 2254's mandate that, "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The first and second circumstances are applicable to the issue at hand.

### B.      Whether the State Breached the Plea Agreement

Wimberly contends that his sentence violates *Santobello* because the prosecutor breached the plea agreement. In *Santobello*, the defendant had pled guilty to a lesser-included offense in exchange for the state's promise not to make a recommendation as to his sentence. *Santobello v. New York*, 404 U.S. 257, 258 (1971). The court accepted the plea and set a date for sentencing. *Id.* A new prosecutor appeared at the sentencing hearing, having replaced the original prosecutor

on the case. *Id.* at 259.  Unaware of the original prosecutor's promise to make no sentencing recommendation, the new prosecutor recommended a one-year sentence, the maximum prescribed by law. *Id.*  The court imposed a one-year sentence over the defendant's objection. *Id.*  On review, the Supreme Court emphasized the need for fairness in procuring agreements between prosecutors and defendants. *Id.* at 261.  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262.  Even though the second prosecutor's breach of the agreement was inadvertent, due to his unfamiliarity with the case, of greater significance was the defendant's loss of the benefit of the bargain. *Id.*  The Court did not denounce the fairness of the sentencing court, but placed full blame on the prosecutor. *Id.* at 263.  Nevertheless, the case was remanded so that the sentencing court could determine whether to allow the defendant to withdraw his plea or to compel the prosecutor to specific performance of the plea agreement. *Id.* at 262-63.

*Santobello* is distinguishable from the present case in one crucial respect.  It was Wimberly, not the State, who broke a promise under the agreement.  One of the negotiated terms of the plea agreement was that Wimberly had to cooperate with the presentence investigation in order for the prosecutor to recommend the fifty-seven month sentence, and Wimberly failed to do so.

Plea agreements are interpreted according to general contract law. *United States v. Yah*, 500 F.3d 698, 703 (8th Cir. 2007) (citation omitted).  Accordingly, both a defendant and the government have obligations that they must perform under the agreement. *United States v. Oduardo*, 164 F. App'x 945, 949 (11th Cir. 2006) (citation omitted).  When a plea agreement requires a defendant to participate in a presentence investigation, that is a condition precedent to

the government's obligation to recommend a negotiated lower sentence. *See id.*

At Wimberly's plea hearing, his lawyer summarized the precondition in the plea agreement to Wimberly receiving the lower sentencing recommendation. The trial court made certain that Wimberly understood his obligation to cooperate with the presentence investigation and specifically warned him that the State could request a seventy-one month sentence if he did not do so. Despite the language of the plea agreement and the court's admonition, Wimberly failed to provide adequate contact information, did not attend a presentence investigation interview, and did not otherwise contact his community corrections officer until less than a week before his sentencing and after the presentence report had already been submitted to the court. Given Wimberly's failure to cooperate with the presentence investigation, the State was entitled to argue for a seventy-one month sentence, in accordance with the terms of the plea agreement. Correspondingly, the trial court was not obliged to permit Wimberly to withdraw his plea or to compel the State to specific performance under the plea agreement, as contemplated by *Santobello*.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Gregory Wimberly's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1) be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**.

Dated this 20th day of April, 2009.                     s/ *Jeanne J. Graham*

                                                  JEANNE J. GRAHAM
                                                  United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 4, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.